**Sam and Juene JAFFE, Plaintiffs,**

v.

**CENTRAL INTELLIGENCE AGENCY, et al., Defendants.**

**Civ. A. No. 76–1394.**

United States District Court, District of Columbia.

Aug. 11, 1981.

Jack Novick, Susan W. Shaffer, Washington, D. C., for plaintiffs.

Raymond Larizza, Asst. U. S. Atty., Dept. of Justice, Washington, D. C., for defendants.

1. The Central Intelligence Agency was initially a defendant as well. Summary judgment was granted in its favor after it demonstrated compliance with the FOIA. See Order of July 20, 1981.

MEMORANDUM ORDER

BARRINGTON D. PARKER, District Judge.

On July 10, 1981 the defendant Federal Bureau of Investigation (FBI or Bureau)[1] filed a motion for an enlargement of time of six months to comply with this Court's Order of June 10, 1981.[2] That Order, which required the release of some material and more detailed justification for withholding the remaining information, was based on the Court's conclusions, detailed in a memorandum of the same date, that the FBI had failed to comply with the requirements of the Freedom of Information Act (FOIA) 5 U.S.C. § 552. The plaintiffs have opposed this motion and have renewed their earlier motion for sanctions, filed on July 30, 1979, in which they sought appropriate relief against the defendant for failure to comply with prior court orders. The Court conducted hearings with respect to such motions on July 24, 1981 and August 3, 1981 at which time it received testimony from Special Agent Peter W. Kellen concerning the need for an additional six months. After considering the government's motion in light of the past record developed in this case and the recent filings of the FBI, the Court concludes that only a limited enlargement of time is justified.

In the more than five years of this FOIA litigation the defendant has submitted six separate rounds of justifications—involving a total of eleven justification affidavits—purporting to explain the Bureau's failure to release all requested documents. In four separate orders this Court has concluded that the justifications were inadequate and directed the FBI to explain in an acceptable fashion its refusal to release all requested documents as required by *Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir.1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873

2. 516 F.Supp. 576 (D.D.C.1981).

(1974). To date, the FBI has failed to file adequate justifications.

The record in this case reveals a clear history of delay and obstinacy by the Bureau. The original complaint was filed on July 27, 1976 and plaintiffs' *Vaughn v. Rosen* motion seeking detailed indexing, itemization and justification, with accompanying memorandum, was filed approximately one month later. The subsequent developments are briefly summarized.

*First Round Justifications*: The FBI's opposition to plaintiffs' *Vaughn v. Rosen* motion was filed on September 7, 1976. The FBI also submitted the First Affidavit of G. R. Schweickhardt, sworn to on November 8, 1976 (as amended by the Second and Third Schweickhardt Affidavits sworn to on December 22, 1976 and March 3, 1977, respectively) and the First Affidavit of Richard G. Kinsey, sworn to on December 8, 1976 (pertaining specifically to classified documents). The plaintiffs replied to the government's response on November 30, 1976 and in a supplemental reply, filed on December 6, 1976. By Memorandum Order, filed April 7, 1977 this Court noted that, although the FBI justifications "complied in some respects with the dictates of *Vaughn*, the untailored, boiler-plate descriptions and justifications as well as the serious omissions and inconsistencies found in the affidavits render the government offerings insufficient" and directed that the FBI "prepare a detailed itemization, indexing and justification of the withheld materials."

*Second Round Justifications*: The FBI then submitted the Fourth Affidavit of G. R. Schweickhardt and the Second Affidavit of Richard G. Kinsey, both sworn to on July 7, 1977. In informal discussions between the parties, the plaintiffs objected to the inadequacies of the Fourth Schweickhardt and Second Kinsey affidavits. The FBI agreed to submit another set of *Vaughn* justification affidavits.

*Third Round Justifications*: The FBI then offered the Fifth Affidavit of G. R.

Schweickhardt and the Third Affidavit of Richard G. Kinsey, both sworn to on January 16, 1978. Contending that the justification affidavits were still inadequate, on March 20, 1978, the plaintiffs moved to compel compliance. On April 21, 1978 this Court assigned the matter to Magistrate Henry H. Kennedy [3] for hearing and determination. By Order dated May 26, 1978, Magistrate Kennedy recognized that the FBI had not complied, granted the plaintiffs' motion and ordered the Bureau to "produce further descriptions . . . ."

*Fourth Round Justifications*: The FBI next submitted a Sixth Affidavit of G. R. Schweickhardt, sworn to on June 8, 1978. Once again, contending that the justifications were inadequate, the plaintiffs made a renewed motion to compel compliance, filed on July 3, 1978. By order dated September 20, 1978 the Magistrate found merit in the plaintiffs' contentions, concluded that the FBI justifications were "vague in the extreme" and ruled that the plaintiffs' motion to compel should be granted.

*Fifth Round Justifications*: The FBI next filed on November 11, 1978 the affidavit of John Pramik. Plaintiffs again objected to the FBI's justifications in a memorandum filed March 26, 1979. After a status hearing the Magistrate made it clear that the Pramik affidavit was inadequate. In response to plaintiffs' objections, the FBI advised, that it would file "more particularized descriptions." Defendants' Report to the Court of May 29, 1979.

*Sixth Round Justifications*: The FBI next submitted on June 28, 1979 the affidavit of Jerry Graves. Again contending that the FBI justification affidavits were inadequate, on August 1, 1979, the plaintiffs moved to impose sanctions because of defendants' failure to comply. The defendants opposed plaintiffs' motion on August 17, 1979 and the plaintiffs submitted a reply memorandum on August 30, 1979. On October 29, 1979 Magistrate Kennedy concluded that the "descriptions in the Graves affi-

**3.** Magistrate Kennedy has since been appointed as an Associate Judge of the Superior Court of the District of Columbia.

davit, although varying in their degree of specificity, in general do not permit a reasonable *de novo* determination of exemption claims." He then recommended that the District Court review the FBI documents *in camera*, and while observing that "there is substantial reason to doubt the good faith of the [FBI's] efforts in this case," denied plaintiffs' motion for sanctions. On November 8, 1979, plaintiffs appealed to the District Court those aspects of plaintiffs' motion which were denied by the Magistrate. The FBI did not file objections or comment on the Magistrate's conclusion that the Bureau's justifications were inadequate or that he questioned the *good faith* of their efforts.

At a status conference on May 30, 1980 this Court requested counsel to submit further briefing of the parties' contentions. Plaintiffs submitted a supplemental memorandum in Support of Plaintiffs' Motion For Further Justifications And To Impose Sanctions For Defendants' Failure to Comply With Court Orders, on July 7, 1980 and the Bureau filed a Memorandum in Continued Opposition to Plaintiffs' Pending Motion Concerning Adequacy Of The Government *Vaughn v. Rosen* Affidavit on July 25, 1980.

On June 10, 1981, following an *in camera* inspection of plaintiffs' FBI headquarters file, this Court entered a Memorandum Opinion and Order which: (a) held that "the Bureau's affidavits are insufficiently detailed," (b) directed the Bureau to release certain unclassified information, (c) directed the Bureau to submit additional affidavits "explaining with specificity the reasons for continuing to withhold certain information," and (d) deferred ruling on plaintiffs' motion for sanctions although recognizing that "there appears to be some support" for the plaintiffs' allegation that the FBI has been engaged in a vindictive attempt to discourage plaintiffs from pursuing their FOIA request and despite "the considerable evidence" that the Bureau has not been abiding by this Court's orders. An appropriate order accompanied the opinion which required the Bureau's compliance by July 10, 1981.

Notwithstanding the tactic of counsel in seeking an extension of time at the 11th hour, the Court has given due consideration to the reasons behind the Bureau's request for six more months. In his affidavit and testimony, Agent Kellen detailed his qualifications, and explained the steps which he must of necessity pursue to comply with the June 10 ruling. He also explained what would be required of the staff working under his supervision and the procedures to be followed in making *de novo* determinations concerning the exemptions claimed. Included in the tasks contemplated are a review and classification of information previously considered and reported by the Bureau as free of national security implications. This is contemplated despite earlier affidavits and assurances that the prior document classifications under exemption (b)(1) were regular and proper. A second idea advanced is that inter-agency consultations are required regarding information supplied by other agencies but contained in FBI files. This process must be pursued before the Bureau can release information first generated by another agency. The earlier Bureau affidavits and submissions never mentioned or referred to such a possibility. The Bureau makes no effort to reconcile Kellen's position with that of the four prior agents—apparently conceding that the prior submissions were improper or incomplete. A further reason for the extension grows out of the problems the Court found with the justifications advanced by Agent Jerry Graves which resulted from his lack of experience and qualifications. Finally, the Bureau explained that for the first time it is required to process and analyze field office and legat documents and prepare a *Vaughn* index and an additional *in camera* affidavit concerning these additional documents.

On balance, however, the reasons advanced by the Bureau must be rejected. The history of this case weighs heavily against the agency's request. The earlier affidavits contained assurances that those submissions were thorough and exhaustive. They were proffered as reliable and re-

ceived in good faith. Now, faced with an opinion and order detailing their shortcomings, the Bureau has suddenly discovered, after five years, that the plaintiffs' file has yet to be processed properly.

In short, in asking for an additional six months, the Bureau skips lightly over the history of this litigation. The request is unconscionable and, under any circumstance, unwarranted. Accordingly, it is this *11th* day of August, 1981

ORDERED

(1) That with respect to all FBI headquarters documents (main file and see references), the FBI shall, on or before September 8, 1981:[4] (1) release to the plaintiffs all reasonably segregable material pertaining to plaintiffs and not lawfully classified pursuant to Executive Order 12065 including, but not limited to, unclassified information withheld from plaintiffs because it appears in the same paragraph as classified material; and (2) release to the plaintiffs all material improperly withheld under exemption (b)(2) and (b)(7)(C), as described in Part II of the Memorandum Opinion dated June 10, 1981;

(2) That by October 5, 1981 the FBI shall submit to the Court, *in camera*, a detailed affidavit justifying the withholding of all material not released to the plaintiffs from FBI Headquarters. The affidavits should address each portion of each document separately and shall not incorporate by reference previous affidavits or pleadings filed in this proceeding. In addition, the affidavits should state with specificity the "identifiable damage" to the national security or the foreign relations of the United States that could reasonably be expected to result from the release of the withheld material.

(3) That with respect to all FBI New York, Washington, San Francisco and Baltimore Field Offices and Ottawa, Hong Kong and Moscow FBI Legat documents (main file and see references), the FBI shall, on or before November 16, 1981: (a) release to

the plaintiffs all reasonably segregable portions of all materials pertaining to the plaintiffs and not exempt from disclosure under the Freedom of Information Act, 5 U.S.C. § 552(b); (b) file a detailed itemization and justification pursuant to *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973), of all material withheld from those records; (c) provide the Court with a complete set of the Field Office and Legat documents for *in camera* inspection; and (d) provide the Court with an *in camera* affidavit, as described in paragraph (2), as to all withheld Field Office and Legat material.

---

4. This date is based on Agent Kellen's estimate that two and one half months would be required to process the FBI headquarters documents in compliance with the June 10 Order.

Agent Kellen also indicated that, as of the time of the hearings in this case, he had already begun processing the main file documents.